**Hernan ERAZO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 06–5046–ag.

United States Court of Appeals, Second Circuit.

Dec. 17, 2007.

Hernan Erazo, pro se, Brooklyn, NY, for Petitioner.

Cindy S. Ferrier, Senior Litigation Counsel; Peter D. Keisler, Assistant Attorney General; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges, Hon. CHARLES S. HAIGHT, JR.,* District Judge.

**SUMMARY ORDER**

Petitioner Hernan Erazo, *pro se,* seeks review of an October 11, 2006 order of the BIA denying Erazo's motion to reopen his immigration proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

It is well-established that "the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders." *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per·curiam) (citing *Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Erazo challenges various aspects of his deportation proceedings that are unrelated to the denial of his motion to reopen, such as his claim that the immigration judge ("IJ") was improperly biased in deciding Erazo's application for suspension of deportation. However, this claim of bias was fully adjudicated and dismissed by the BIA in June 2006. Erazo failed to file a timely petition for review from the BIA's June 2006 order affirming the IJ's denial of Erazo's application for suspension of deportation. Therefore, we are "precluded from passing on the merits

---

* The Honorable Charles S. Haight, Jr., United States District Judge for the Southern District of New York, sitting by designation.

of the underlying [deportation] proceedings," and must confine our review to the denial of Erazo's motion to reopen those proceedings. *Id.* (citation and internal quotation marks omitted).

This Court reviews the BIA's denial of a motion to reopen deportation proceedings or its denial of a motion for reconsideration for abuse of discretion. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006) (motion to reopen proceedings); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (motion for reconsideration). The BIA exceeds its allowable discretion where its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (citation and internal quotation marks omitted).

Here, Erazo's motion to reopen alleged that the IJ was improperly biased in deciding his application. Our review of the record indicates that Erazo failed to support his allegations with previously unavailable evidentiary material. As a result, the BIA did not exceed its allowable discretion in concluding that reopening was not warranted. *See* 8 C.F.R. § 1003.2(c)(1); *Maghradze v. Gonzales,* 462 F.3d 150, 156 (2d Cir.2006). To the extent that Erazo's motion is construed as a motion for reconsideration, *see* 8 C.F.R. § 1003.2(b)(1), the BIA did not exceed its allowable discretion in denying the motion for the reasons stated above.

The petition for review is DENIED. As the Court has completed its review, the pending motion for a stay of removal is denied as moot.